# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: | Chapter 7 Bankruptcy |
| MCQUILLEN PLACE COMPANY, LLC, | Case No. 19-00507 |
| Debtor, | |
| v. | Adversary Case No. 20-09040 |
| FIRST SECURITY BANK & TRUST COMPANY, | BRIEF IN SUPPORT OF MOTION TO DISMISS |
| Plaintiff, | |
| vs. | |
| JAMES A. GRAY aka JAMES GRAY | |
| Defendant. | |

COMES NOW, Defendant James A. Gray and pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012(b) and submits this Brief in Support of Motion to Dismiss and states as follows:

## Legal Argument

I. PLAINTIFF HAS FAILED TO PLED ANY LEGAL BASIS TO SUPPORT ITS CLAIM FOR EITHER AN INJUNCTION OR CONTEMPT.

While it is not clear whether Plaintiff is seeking injunctive relief pursuant to Federal Rule of Bankruptcy Procedure 7001, as indicted in the Plaintiff's alleged basis for the Court's jurisdiction or for a finding of contempt pursuant to Federal Rule of Bankruptcy Procedure 9020 as indicted by the complaint's title, it is immaterial because Plaintiff has failed to adequate pled a basis for either relief. In contrast, Plaintiff has merely filed a complaint that alleges facts. Based

on these facts, Plaintiff requests relief[1]. However, Plaintiff failed to provide any legal support to demonstrate why it is entitled to the relief it requests. As a result, Plaintiff has failed to adequately state a claim for which relief can be provided.

    II.    **PLAINTIFF HAS FAILED TO SUBMIT AN AFFIDAVIT STATING THAT COUNSEL HAS ATTEMPTED A GOOD FAITH RESOLUTION OF THE UNDERLYING DISCOVERY DISPUTES.**

Local Rule 7037-1 requires, with any motion concerning discovery, submission of an affidavit stating that counsel for Plaintiff "has conferred personally in good faith with counsel for the opposing party in an effort to resolve the discovery dispute without court intervention and that the parties have been unable to reach such an agreement." The Complaint avers filing of such motions by Plaintiff's counsel, yet such motions did not contain the required affidavits. The affidavit requirement and the statement of a "good faith" attempt at resolution is a both a precondition to and prerequisite of any valid motion or order concerning discovery, and is, accordingly, a jurisdictional prerequisite to any adversary proceeding or citation request related to discovery. The failure to plead or otherwise establish such an affidavit or good faith attempt at resolution, in addition to being a failure to state a claim on which relief can be granted, is a fatal error depriving this Court of jurisdiction to hear the complaint.

    III.    **PLAINTIFF HAS FAILED TO PLEAD THE REQUISITE ALLEGATION THAT DEFENDNAT ACTED WILLFULLY.**

Courts typically require a showing of willful intent before it issues a finding of contempt. *Stasz v. Gonzalez (In re Stasz)*, 387 B.R. 271, 274 (9th Cir. BAP 2008); *In re Hector*, 2015 WL 6515104, 1 (Bankr. D. C.D. Cal October 27, 2015). Plaintiff has failed to provide a factual basis or even allege that Defendant's actions were made willfully. As a result, Plaintiff's claim must

---

[1] As previously indicated it is unclear whether Plaintiff is seeking an injunction or a finding of contempt. The title of Plaintiff's complaint states that the relief seeks "Contempt" while the pleading itself only cites to provisions of the Federal Rules providing injunctive relief. [Doc 1]

fail as a matter of law. As a result, the Court should dismiss Plaintiff's complaint on the basis that it fails to state a claim for which relief can be granted.

                By:    */s/ Peter C. Riley*
                       PETER C. RILEY      AT0006611
                       TOM RILEY LAW FIRM, P.L.C.
                       4040 First Avenue NE
                       P.O. Box 998
                       Cedar Rapids, IA 52406-0998
                       Ph.: (319) 363-4040
                       Fax: (319) 363-9789
                       E-mail: peterr@trlf.com