UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>MCQUILLEN PLACE COMPANY, LLC,<br><br>Debtor. | Chapter 7 Bankruptcy<br>Case No. 19-00507 |
| FIRST SECURITY BANK & TRUST COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES R. GRAY,<br><br>Defendant. | Adversary Case No. 20-09040<br><br>**RESISTANCE AND OBJECTION AGAINST DEFENDANT'S MOTION TO DISMISS** |

COMES NOW Plaintiff First Security Bank & Trust Company ("Bank" or "Plaintiff") and hereby resists and objects to the Motion to Dismiss filed by the Defendant (Dkt #5) ("Motion"), as follows:

A. <u>Subject Matter Jurisdiction</u>

The Plaintiff in its Complaint (Dkt #1) alleged "this Court has subject matter jurisdiction of this Complaint by operation of 28 U.S.C. §§157 and 1334…." *See* Complaint ¶7. Additionally, the Plaintiff alleged Defendant Gray filed Proof of Claim #25 with the Clerk of this Court. *See id*. ¶5. When Gray filed a Proof of Claim, he submitted himself to the jurisdiction of this Court. *See E.g., Langenkamp v. Culp*, 498 U.S. 42, 44 (1990) (litigant filed Proofs of Claim with Bankruptcy Court thereby submitting itself to the jurisdiction of the Bankruptcy Court); *accord Veroblue Farms USA, Inc. v. Cassels Brock*, 2020 WL 5988200, at *4 (Bankr. N.D. Iowa 10/7/2020) (Collins, C.J.) (appeal pending) ("filing proofs of claim

1

alone has been sufficient to establish jurisdiction over a defendant"). And given the now-familiar holdings from the Supreme Court, such as *Wellness Int'l Network, Ltd. v. Sharif*, 135 S.Ct. 1932, 1939-40 (2015) (discussing how the 1978 Bankruptcy Code as amended in 1984 conferred valid constitutional power in the Bankruptcy Court to exercise jurisdiction), surely Defendant Gray cannot possibly prevail in asserting this Court has no subject matter or personal jurisdiction. The allegations concerning jurisdiction in the Motion should be summarily rejected and overruled.

    B.  Rule 12(b)(6)

The Motion alleges somehow the Plaintiff failed to allege a legal basis and should be dismissed for failure to state a claim. At ¶23 of the Plaintiff's Complaint, Plaintiff alleged Gray's "utter failure to comply with this Court's August 3, 2020 Order constitutes contempt." This Court and the District Court have long recognized "Courts have the authority to enforce orders through civil contempt proceedings and judicial sanctions." *E.g. In re Kwik-Way Products, Inc.*, 2012 WL 6737828 at *2 (Bankr. N.D. Iowa 12/28/12) (Kilburg, J.); *accord Cedar Rapids Lodge & Suites, LLC v. JFS Development, Inc.*, 2011 WL 4625721 at *2 (N.D. Iowa 9/1/11) (Scoles, J.) ("the power of the Court to find a party in civil contempt serves [the] purpose…[of] to compel compliance with a Court's order"). Furthermore, F.R.B.P. 7008/ F.R.C.P 8 requires a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To meet this requirement, in the words of the Supreme Court "a complaint must contain sufficient ***factual*** matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that contains such a statement is sufficient to survive a motion to dismiss. *Id.*

Consistent with Rule 8 and *Iqbal*, in the Complaint at bar the Plaintiff refers to an Order issued by this Court on August 3, 2020 (Main Case Dkt #233), and the Plaintiff alleges the Defendant has failed to comply with the Order. *See* Complaint at ¶23. Since "Courts have the authority to enforce orders through civil contempt proceedings," there can be no doubt the Plaintiff has alleged more than sufficient legal basis upon which relief can be granted. *E.g.*, *In re Hentges*, 2007 WL 1577801 (Bankr. N.D. Okla. 5/30/07) (court issued order directing document production pursuant to Rule 2004; respondent failed to comply, and court entered contempt order).

C. <u>F.R.B.P. 2004 vis-à-vis F.R.B.P. 7037</u>

Lastly, the Defendant contends somehow the Plaintiff has failed to comply with F.R.B.P. 7037/N.D.L.R. 7037-1, concerning resolution of discovery disputes. The Defendant conveniently ignored the fact that the August 3, 2020 Order issued by this Court (referred to at ¶15 of the Plaintiff's Complaint) was entered pursuant to F.R.B.P. 2004[1]. Caselaw holds Rule 2004 is a "stand-alone matter," *e.g. In re Norrie*, 2016 WL 6407839, at *8 (Bankr. 9th Cir. App.) (10/26/16) (unpublished opinion) ("by its very nature, discovery conducted under Rule 2004 is a stand-alone matter"), and most importantly "a motion for an order to show cause why a person should not be found in contempt for failing to comply with a subpoenas issued for a Rule 2004 examination is not a motion to quash…. It is not covered by… D. Kan. Rule 37.1…." *In re Somrak*, 2015 WL 7755998, at *2 (D. Kan. 12/1/15); *see also In re Sutera*, 141 B.R. 539, 541-42 (Bankr. D. Conn. 1992) (Court agreed with Trustee's argument that F.R.C.P. 26-37 apply only when contested matter or adversary

---

[1] Of course, the use of a Rule 2004 examination to un-earth facts before actually filing a formal objection to proof of claim is typical and common-place. *See, e.g., In re Sheetz*, 452 B.R. 746, 749 (Bankr. N.D. Ind. 2011) ("eminently reasonable" for trustee to use Rule 2004 to discover amount of claim, before formally objecting to proof of claim).

3

complaint has been filed and is pending, and indeed "it is well settled that a Rule 2004 examination is a proper procedure to inquire into the basis for a filed proof of claim"). Further, N.D.L.R. 2004-1 deals with Rule 2004 examinations, whereas N.D.L.R. 7037-1 deals with discovery disputes pursuant to F.R.C.P. 37/F.R.B.P. 7037. The mere fact there are two different and distinct Local Rules (and federal rules) illustrates Rule 2004 and Rule 7037 are "apples and oranges." Gray's attempt to mix and confuse the two Rules should be rejected. In sum, the Motion's reference to and reliance on F.R.C.P. 37, F.R.B.P. 7037, and Bankr. N.D.L.R. 7037 are misplaced, because the underlying Order was issued pursuant to F.R.B.P. 2004, and <u>not</u> entered pursuant to F.R.C.P. 37, Bankr. N.D.L.R. 7037-1, or F.R.B.P. 7026 *et seq.*

WHEREFORE, the Plaintiff respectfully prays this Court issue an Order denying and overruling the Defendant's Motion to Dismiss, and for such other relief as may be just and proper under the premises.

        /s/ E Lam
Eric W. Lam, AT0004416
Eric J. Langston, AT0014001
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Tel: 319-366-7641; Fax: 319-366-1917
elam@simmonsperrine.com
elangston@spmblaw.com
ATTORNEYS FOR FIRST SECURITY BANK
& TRUST COMPANY

**Certificate of Service**

The undersigned certifies, under penalty of perjury, that on this 23d day of October, 2020, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case.

        /s/ Kelly Carmichael

First Security – McQuillen/Pldgs/Adv 20-09040 First Sec v. Gray – Drafts/Obj to Mtn to Dismiss.102320.1054.ewl