UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>MCQUILLEN PLACE COMPANY, LLC,<br><br>    Debtor.<br>_____<br><br>FIRST SECURITY BANK & TRUST COMPANY,<br><br>    Plaintiff,<br>vs.<br><br>JAMES A. GRAY,<br><br>    Defendant. | Chapter 7 Bankruptcy<br>Case No. 19-00507<br><br><br><br><br>Adversary Case No. 20-09040<br><br><br><br>**PLAINTIFF'S MOTION FOR<br>SUMMARY JUDGMENT** |

      COMES NOW Plaintiff First Security Bank & Trust Company by and through its counsel and hereby respectfully moves for entry of Summary Judgment and in support thereof respectfully states:

      1.     After Plaintiff filed this Complaint, a Summons and Complaint were served on the Defendant via ordinary U.S. mail, on August 27, 2020. *See* Certificate and Affidavit of Service (Adv. Dkt #3).

      2.     The Defendant via counsel then filed a Motion to Dismiss.

      3.     On October 30, 2020, this Court entered an Order (Adv. Dkt #8) denying the Defendant's Motion to Dismiss. The Defendant then filed an Answer.

      4.     This Complaint involves a relatively straight-forward dispute, viz. this Court enrolled an Order circa Aug. 3 2020 (Main Case Dkt $233), and directed the Defendant James A. Gray to tender certain documents requested by the Plaintiff. No document was

1

produced. Plaintiff therefore filed this Complaint and sought contempt. In his Answer, and specifically with respect to the Plaintiff's allegation that the Defendant has produced nothing, Defendant somehow DENIED that allegation. *Compare* Defendant's Answer ¶13 *with* Plaintiff's Complaint ¶13. Plaintiff's ¶13 alleges "To date, nothing has ever been tendered by Gray or his counsel." Surely such an allegation involves a simple fact viz. production vis-à-vis non-production, and surely the fact of non–production cannot possibly be denied. Out of an abundance of caution, Plaintiff nonetheless issued discovery requests, asking the Defendant to produce documents that relate to or support his Answer at ¶13. *See* Document Production Requests ##3 and 4 attached hereto. The deadline to respond to the discovery requests has passed, and no objection has been lodged and no response has been tendered. The parties via counsel have conferred by phone, and attempted to perhaps resolve this Complaint. As of 2p. Jan. 27, 2021, however, nothing has been resolved, and more importantly no response has been tendered by the Defendant to the Plaintiff's discovery requests.

5. Plaintiff and its counsel submit there is no factual dispute for trial, viz. the fact is the Defendant has tendered nothing in response to and as required by this Court's Aug. 3, 2020 Order.

6. Failure to abide by a validly entered and final and un-appealed Order is contempt.

7. Summary Judgment should be entered in favor of the Plaintiff.

WHEREFORE, the Plaintiff respectfully prays this Court on such notice and hearing as it may direct, enter and enroll Summary Judgment in favor of the Plaintiff and against the Defendant, as follow:

A. Finding the Defendant in contempt for failure to abide by this Court's Aug. 3, 2020 Order;

B. Disallowing in toto Defendant's Proof of Claim #25;

C. Directing the Plaintiff's counsel to within 14 calendar days of the entry of Summary Judgment file a Statement and Affidavit of Attorney's fees and costs and expenses incurred in prosecuting this Complaint to completion, and thereafter entering money judgment against the Defendant and in favor of the Plaintiff for such amount of fees and costs; and

D. Granting such further relief as may be just and proper under the premises.

/s/ E Lam
Eric W. Lam, AT0004416
Eric J. Langston, AT0014001
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Tel: 319-366-7641; Fax: 319-366-1917
elam@simmonsperrine.com
elangston@spmblaw.com
ATTORNEYS FOR FIRST SECURITY BANK
& TRUST COMPANY

**Certificate of Service**

The undersigned certifies, under penalty of perjury, that on this 27th day of January 2021, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case.

/s/ Kelly Carmichael

First Security – McQuillen/Pldgs/Adv 20-09040 First Sec v. Gray – Drafts/M4SJ.012721.1523.ewl

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>MCQUILLEN PLACE COMPANY, LLC,<br><br>Debtor. | Chapter 7 Bankruptcy<br>Case No. 19-00507 |
| FIRST SECURITY BANK & TRUST COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES R. GRAY,<br><br>Defendant. | Adversary Case No. 20-09040<br><br><br>**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT** |

   Pursuant to the provisions of Rule 34 of the Federal Rules of Civil Procedure and F.R.B.P. 7034, Defendant James R. Gray, is hereby requested to produce copies of the following designated documents within thirty (30) days as such convenient time and place as may be agreed upon by the parties or the Court may order.

DEFINITIONS

   For purposes of these requests, the following definitions shall apply:

   (a)  "Documents" means the original or any copy thereof and any non-identical copy, whether different from the original because of the notes made on or attached to such copy, or otherwise of any written (including handwritten, printed, mimeographed, lithographed, duplicated, typed, or other graphic, photographic, or electronic, including but not limited to computer e-mail, transcribed voice mail, or computer generated information) matter of any kind or nature and shall include, without limiting the generality of the foregoing, all letters, telegraphs, correspondence, contracts, agreements, notes, reports, memoranda, mechanical and electrical sound recordings or transcripts thereof, memoranda of telephone or personal conversations or of meetings or conference, minutes, board of directors minutes, studies, reports, analyses, interoffice communications, books of account,

ledgers, work sheets, vouchers, receipts, canceled checks, money orders, invoices, and bills of any nature whatsoever.

(b)     "Person" shall include, without limitations, any and all individuals, associations, partnerships, corporations, government agencies, or other business entities.

(c)     The terms "relating to" when used herein means concerning, describing, referring to, connected with or pertaining to, in whole or in part.

(d)     "Communication" means any transmission or exchange of information between two or more persons orally or in writing, and includes, without limitation any conversation or discussion, whether face to face or by means of telephone, telegraph, telex, telecopier, or any other electronic or other media, including but not limited to computer e-mail, transcribed voice mail, or computer generated information.

(e)     "You" refers to James R. Gray.

(f)     "Complaint" refers to the Adversary Complaint #20-09040 filed on August 26, 2020 by First Security Bank & Trust Co.

## DOCUMENTS TO BE PRODUCED

REQUEST NO. 1:  Produce a copy of any and all document or exhibit to which you will make any reference in any trial or hearing concerning the Complaint, as well as a copy of any and all declaration, affidavit, or document to which you will make any reference in any affidavit of declaration to be filed in this Complaint.

RESPONSE:

REQUEST NO. 2:  Unless produced in response to Request #1 *supra*, produce a copy of any and all document, such as note, agreement, e-mail, etc., by which the Debtor may be liable to you for any and all amount, including but not limited to the approximate $1,600 you assert the Debtor owes you pursuant to Proof of Claim #25.

RESPONSE:

REQUEST NO. 3:  Produce a copy of any and all document, etc. that you had tendered or produced pursuant to the Order issued by the Bankruptcy Court on August 3, 2020, at main Case Dkt #233.

RESPONSE:

REQUEST NO. 4:  With respect to the allegations contained in ¶13 of your Answer filed at Adversary Dkt #11 on November 24, 2020, produce a copy of any and all

document, material, paper, e-mail, agreement, note, etc. that relates to or supports your denial.

RESPONSE:

REQUEST NO. 5: Produce a copy of any and all document that relates to or supports your response to Interrogatory #2 served simultaneously herewith, such as a copy of any and all resume of the experts, and a copy of any and all report, opinion, and conclusion, etc.

RESPONSE:

REQUEST NO. 6: Produce a copy of any and all document that relates to or supports your response to Interrogatory #4 served simultaneously herewith, such as but not limited to a copy of any and all e-mail, text messages, invoice, purchase order, credit agreement, check, ACH, wire, promissory note, agreement, etc.

RESPONSE:

                                                /s/ E Lam
Eric W. Lam, AT0004416
Eric J. Langston, AT0014001
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Tel: 319-366-7641; Fax: 319-366-1917
elam@simmonsperrine.com
elangston@spmblaw.com
ATTORNEYS FOR FIRST SECURITY BANK
& TRUST COMPANY

## Certificate of Service

      The undersigned hereby certifies, under penalty of perjury, that the instrument to which this certificate is attached was served via regular mail on the 11th day of December, 2020, to the parties displayed on the Service List below.

                                          /s/ Kelly Carmichael

***Original via U.S. Mail to:***

Peter C. Riley
Tom Riley Law Firm, P.L.C.
P.O. Box 998
Cedar Rapids, IA 52406-0998


First Security – McQuillen/Discovery/Adv 20-09040 - Drafts/First R4PD to Gray.121120.1408.ewl