# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: | Chapter 7 Bankruptcy |
| MCQUILLEN PLACE COMPANY, LLC, | Case No. 19-00507 |
| Debtor, | |
| v. | Adversary Case No. 20-09040 |
| FIRST SECURITY BANK & TRUST COMPANY, | RESISTANCE TO MOTION FOR SUMMARY JUDGMENT |
| Plaintiff, | |
| vs. | |
| JAMES A. GRAY aka JAMES GRAY | |
| Defendant. | |

COMES NOW, James Gray and brings this Resistance to Motion for Summary Judgment and in support states as follows:

1. Plaintiff has failed to provide sufficient legal support for a finding of summary judgment. In Plaintiff's Brief, Plaintiff failed to even provide the standard of review on a motion for summary judgment let alone even pled that Plaintiff has met its burden. In fact, the words "summary judgment" only appear in the introductory sentence and plea for relief of the brief. Thus, even assuming arguendo that Plaintiff has met its burden, Plaintiff has failed to plead a sufficiently what that burden or even that the burden was in fact met. This failure alone must result in a denial of Plaintiff's Motion for Summary Judgment.

2. 11 U.S.C. §105 provides for coercive relief. *In re Dyer*, 322 F.3d 1178, 1192 (9th Cir. 2003). Defendant James Gray complied with the Court's Order and produced

the documents requested on March 10, 2021. As a result, there is no coercive relief that can be provided, and the action is therefore moot.

3. Plaintiff has asked the Court for to enter an order "[a]ssessing against Gray personally any and all costs and expenses and attorney's fees incurred by the Bank in prosecuting the underlying Motion and this Complaint" and "[c]ompletely disallowing any and all claim asserted or to be asserted by Gray personally."

4. The Court cannot grant Plaintiff the relief it requests because the relief is outside the scope of the power granted to the Court pursuant to 11 U.S.C. §105. The Courts have held that 11 U.S.C. §105 does not provide for any punitive relief but rather provides for coercive relief. *I In re Dyer*, 322 F.3d at 1192; *In re Hardy*, 97 F.3d 1384, 1390 (11th Cir. 1996). In other words, 11 U.S.C. §105 does not support Plaintiff's request for "[a]ssessing against Gray personally any and all costs and expenses and attorney's fees incurred by the Bank in prosecuting the underlying Motion and this Complaint" nor does it provide Plaintiff's with relief in the form of "[c]ompletely disallowing any and all claim asserted or to be asserted by Gray personally."

5. Plaintiff cites *Penfield Co. v. SEC,* 330 U.S. 585 (1947). While the Court did hold uphold sanctions in that case, they did so pursuant to the Security and Exchange Commission's power under 15 U.S.C.A. § 77v to request sanctions for individuals who fail to adhere to the Commission's subpoenas. Plaintiff cannot rely on the power given to the Security and Exchange Commission and therefore both the

15 U.S.C.A. § 77v and the *Penfield* decision are inapplicable to the current proceeding.

6. Next, the Plaintiff cites *Shillitani v. United States*, 384 U.S. 364 (1966) dealt with a contempt of a witness who directly refused the orders of the presiding judge while the testifying. The standard used to uphold the contempt in that case was a finding of "willful disobedience." Moreover, the Court noted that the contempt in that case was coercive and not punitive as the witness would be released from confinement immediately upon the witness's agreement to testify. *Id.* at 369. To the extent that Plaintiff relies on *Shillitani* for its request for punitive sanctions, its reading of *Shillitani* is flawed, as the Court's rationale explained that the contempt was remedial. *Id.*

7. Plaintiff also cites *International Union et al. v. Bagwell*, 512 U.S. 821 (1994). *Bagwell* is a criminal contempt case for which the Supreme Court held that the right to a jury trial was applicable. As a result, it has no relevancy to this civil contempt action.

8. Moreover, Plaintiff stated that it can be afforded relief pursuant to 18 U.S.C. §401. However, the Courts have already held that the Bankruptcy Court's power of contempt is governed by 11 U.S.C. §105 and that 18 U.S.C. §401 does not confer power upon the Bankruptcy Court. *Matter of Hipp, Inc.*, 895 F.2d 1503, 1518 (5th Cir. 1990); *See also United States v. Revie*, 834 F.2d 1198 (5th Cir.1987), cert. denied, 487 U.S. 1205, 108 S.Ct. 2845, 101 L.Ed.2d 882 (1988).

9. Lastly, Plaintiffs argument to the Court is inaccurate. Plaintiff states that "the Bank Gray's and new counsel communicated, and the parties agreed Gray will comply with the August 3, 2020 Order by no later than August 24, 2020." (pgs. 3-4). That is not entirely accurate. The Bank has sent numerous discovery requests in the various cases associated with this proceeding. While the parties did have numerous conversations surrounding discovery responses, Gray's counsel was never made aware that there was a pending discovery requested contained within a Motion for Production. While it is possible that Plaintiff's counsel mentioned the requests at issue, they were merely one of several requests that Defendants were tasked with responding to.

10. At the time, and presently, there were and are dozens of pending discovery requests in related cases. Given the fact that Defendant's counsel appeared after Plaintiff's Motion for Production of Documents was filed and the fact that Defendant's counsel was and currently is tasked with responding to dozens of requests in this and related cases, any failure to respond was a mere oversight.

11. In conclusion, the Bank is not entitled to summary judgment because the relief they request is outside the scope of authority granted to the Court pursuant to 11 U.S.C. §105. Moreover, Plaintiffs acted in good faith in attempting to respond to the numerous requests sent by Plaintiffs in this and the multiple other related cases. Any failure in responding was a mere oversight due to the sheer volume of requests that have been propounded on Defendants.

WHEREFORE, Defendant respectfully prays that the Court deny Plaintiff's Motion for Summary Judgment.

By: */s/ Peter C. Riley*  
PETER C. RILEY    AT0006611  
TOM RILEY LAW FIRM, P.L.C.  
4040 First Avenue NE  
P.O. Box 998  
Cedar Rapids, IA 52406-0998  
Ph.: (319) 363-4040  
Fax: (319) 363-9789  
E-mail: peterr@trlf.com