# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: | Chapter 7 Bankruptcy |
| MCQUILLEN PLACE COMPANY, LLC, | Case No. 19-00507 |
| Debtor, | |
| v. | Adversary Case No. 20-09040 |
| FIRST SECURITY BANK & TRUST COMPANY, | RESPONSE TO STATEMENT OF FACTS AND STATEMENT OF ADDITIONAL FACTS IN SUPPORT OF RESISTANCE TO SUMMARY JUDGMENT |
| Plaintiff, | |
| vs. | |
| JAMES A. GRAY aka JAMES GRAY | |
| Defendant. | |

COMES NOW, James Gray and brings this Response to Statement of Facts and Statement of Additional Facts in Support of Resistance to Summary Judgment and in support states as follows:

## RESPONSE TO STATEMENT OF FACTS

1. McQuillen Place Company, LLC ("Debtor") filed a voluntary Chapter 11 Petition in this Court on April 25, 2019.

    **Response:** Admit.

2. Eventually the Chapter 11 proceeding was converted to one under Chapter 7.

    **Response:** Admit.

3. In the Chapter 7 proceeding, Trustee Charles Smith filed a Motion to Sell certain real estate and other personal property items at Main Case Dkt #134 (March 23, 2020).

    **Response:** Admit.

4. James Gray holds approximately 40% of the equity in the Debtor.

   **Response**: Admit.

5. Charles M. Thomson holds the other 60% if the equity of the Debtor.

   **Response**: Admit.

6. Charles M. Thomson is an attorney, and represented and still represents Gray in the underlying Bankruptcy Case.

   **Response**: Admit.

7. In his capacity as the Manager/Managing Member of the Debtor, Charles M. Thomson sworn under oath a set of Schedules, which were filed with the Clerk of this Court.

   **Response**: Admit.

8. In response to the Trustee's Motion to Sell, James Gray filed an Objection circa noon on April 7, 2020.

   **Response**: Admit.

9. Plaintiff Bank then filed a Motion to Strike James Gray's Objection, at Main Case Dkt #150 (April 7, 2020), at approximately 1:28 P.M.

   **Response**: Admit.

10. Circa 10:00 P.M. on April 7, 2020, James Gray filed Proof of Claim #25, and alleged that he individually was owed from the Debtor the sum of approximately $1,626.20.

    **Response:** Admit.

11. On the aforementioned Schedules filed by Thomson under oath, no debt due Gray was listed.

    **Response**: Admit.

12. No Schedule Amendment has been filed by Thomson, listing Gray as a creditor.

    **Response:** Admit, however, Defendant states that a Trustee was appointed in December 2019, that the Trustee has not amended the schedules, that Thomson has not been instructed or directed to amend the schedules and statement since the Trustee's appointment, that a Chapter 7 bar date was set after the conversion of the case, and that many parties in interest, including the plaintiff bank, submitted proofs of claim with updated, or different, information from that contained in the schedules that had been filed more than one year prior to the Chapter 7 bar date.

13. Thomson attended two §341 Meetings (one in Chapter 11 proceeding and one in Chapter 7), and provided testimony under oath. At neither §341 Meetings, Thomson did not disclose the Debtor might owe money to Gray.

    **Response**: Deny for lack of knowledge. Defendant cannot recall the proceedings entirely, however, Defendant asserts that it is his re-collection that the issue did not arise in the proceeding.

14. Gray attended the Chapter 7 §341 Meeting, and testified under oath. At no time did Gray indicate Gray owed money from the Debtor.

    **Response**: Deny for lack of knowledge. Defendant cannot recall the proceedings entirely, however, Defendant asserts that it is his re-collection that the issue did not arise in the proceeding.

15. Gray was and is a principal in Cornice & Rose International, LLC. ("C&R"), and in that capacity Gray filed Proof of Claim #7 on behalf of C&R, and Gray on behalf of C&R swore under oath the Debtor owed C&R money, including the precise amount displayed on Gray's Proof of Claim #25.

    **Response**: Admit.

16. On July 8, 2020, Plaintiff Bank filed a Motion for Production of Documents pursuant to F.R.B.P. 2004 (contested), at Main Case Dkt #213.

    **Response**: Admit.

17. After expiration of an objection bar date period, this Court entered an Order granting the Plaintiff Bank's Motion for Production of Documents, at Main Case Dkt #233 (August 3, 2020).

    **Response**: Admit.

18. As of February 22, 2021, James Gray (who is a respondent/target of the Plaintiff Bank's Motion for Production) has produced no document whatsoever, despite the entry of the aforementioned August 3, 2020 Order from this Court.

    **Response**: Deny in part and admit in part. Defendant denies this in that he has produced many hundreds of documents responsive to both the Motion and the August Order, but admits that the plaintiff continues to assert that the documents produced thus far are not sufficient. Defendant further asserts that he has attempted to comply with the plaintiff's discovery demands and the August Order in good faith. Defendant further states that he served complete responses to the July 2020 Motion to Produce on March 10, 2021.

19. On August 26, 2020, Plaintiff Bank filed this Complaint, and named as Defendant James A. Gray. As evidenced by the Certificate of Service filed in Adversary Dkt #3, a copy of the Complaint and Summons was mailed to Gray at an address displayed on Gray's Proof of Claim #7, as well as to two attorneys representing Gray.

    **Response**: Admit.

20. Defendant James Gray filed a Motion to Dismiss the Adversary Complaint, and alleged, *inter alia*, this Court lacked subject matter jurisdiction.

    **Response**: Admit.

21. On October 30, 2020, this Court denied James Gray's Motion to Dismiss (Adv. Dkt #8, October 30, 2020).

    **Response**: Admit.

22. Defendant Gray field an Answer (Adv. Dkt #11, November 24, 2020), and at ¶20 denied Plaintiff Bank's allegation that Defendant Gray has produced nothing in response to this Court's August 3, 2020 Order.

    **Response**: Deny in part and admit in part. Defendant admits that the documents asserted to have been filed have been filed, but denies the rest of the statement in the assertion in that (a) defendant believes the balance of the assertion is unclear and confusing, and, as such, can neither be admitted nor denied, and (b) to the extent the assertion suggests that no document "whatsoever" has been produced, the assertion is untrue, since defendant has produced many documents that are responsive to the requests. Defendant also

states that Defendant produced the documents responsive to the July 2020 Motion for Production on March 10, 2021.

23. On about December 11, 2020, Plaintiff Bank served a set of document production requests and interrogatories on Defendant Gray, in the contest of this Adversary.

    **Response**: Admit.

24. Defendant Gray's responses were due circa January 10, 2021, to the Plaintiff Bank's aforementioned interrogatories and document production requests.

    **Response**: Admit.

25. Not having received any response, Plaintiff Bank beginning January 15, 2021, issued and exchanged a series of e-mail messages with Defendant Gray's counsel, asking for discovery responses.

    **Response:** Defendant's admit that Plaintiff exchanged e-mail correspondence regarding the production of discovery served on Defendant in December 2020. Plaintiff denies that any correspondence occurred with sufficient specificity regarding the production of the requests contained in the July 8, 2020 Motion for Production which was filed before Defendant's current counsel appeared in the case.

26. In addition, Plaintiff's counsel talked on the telephone with Defendant's counsel Peter Riley on January 29, 2021, and Defendant Gray's counsel Peter Riley represented to Plaintiff's counsel that discovery responses would be tendered during the week of February 1, 2021.

**Response**: Defendant denies for lack of knowledge. Defendant does not have any recollection of discussion these particular discovery requests on that date but admits that a telephone conversation occurred between counsel.

27. As of February 25, 2021, no discovery response has been tendered.

    **Response**: Deny in part and admit in part. Defendant denies the assertion that "no discovery response" has been tendered, and notes that Defendant has provided many hundreds of pages of documents which are responsive to the inquiry. Defendant admits that some supplemental responsive documents (or supplemental responses confirming that that no such documents existed) were promised to opposing counsel prior to February 25, 2021, but were delivered after that date because Defendant's counsel had not been apprised (or did not sufficiently appreciate) of the priority that opposing counsel was placing on such production, compared with the other outstanding production requests of Plaintiff. Defendant further asserts that all such responses are now complete.

## STATEMENT OF ADDITIONAL FACTS

28. Defendant produced the documents requested in Plaintiff's Motion for Production July 8, 2020 for which the Court ordered Defendant to produce. As a result, there no longer is any coercive relief that the Court is able to provide Plaintiff.

29. Plaintiff filed a Motion for Production July 8, 2020 in the underlying Bankruptcy Case No. 19-00507.

30. Defendant's current counsel did not appear until July 13, 2020. Currently, and at

the time of Defendant's counsel's appearance, there were numerous pending discovery requests and multiple adversary proceedings as well as multiple state court actions related to this proceeding. As a result, Defendant was still becoming familiar with the case when these proceedings were initiated.

31. In August 2020, Cedar Rapids, Iowa, the city where Defendant's counsel is located, was hit by a weather event called a derecho. The derecho left the city with extensive damage and resulted in Counsel's office being closed for multiple weeks. Moreover, during this time, Defendant's counsel had limited access to e-mail and telephone service. As a result of the derecho, Defendant's counsel has been backed logged and is still recovering from the impact of the weather event at the time of this filing.

32. In addition to the July 13, 2020 Motion for Production, Plaintiff has filed several discovery requests in related cases. Defendant has responded to some and has been in communication with Plaintiff to work out a timeline for further production. Defendant at all times has operated in good faith in attempting to respond to the numerous discovery requests.

WHEREFORE, Defendant respectfully prays that the Court deny Plaintiff's Motion for Summary Judgment.

By: */s/ Peter C. Riley*
PETER C. RILEY    AT0006611
TOM RILEY LAW FIRM, P.L.C.
4040 First Avenue NE
P.O. Box 998
Cedar Rapids, IA 52406-0998
Ph.: (319) 363-4040
Fax: (319) 363-9789

E-mail: peterr@trlf.com