# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: | Chapter 7 Bankruptcy |
| MCQUILLEN PLACE COMPANY, LLC, | Case No. 19-00507 |
| Debtor, | |
| v. | Adversary Case No. 20-09040 |
| FIRST SECURITY BANK & TRUST COMPANY, | BRIEF IN SUPPORT OF RESISTANCE TO MOTION FOR SUMMARY JUDGMENT |
| Plaintiff, | |
| vs. | |
| JAMES A. GRAY aka JAMES GRAY | |
| Defendant. | |

COMES NOW, James Gray and brings this Brief in Support of Resistance to Motion for Summary Judgment and in support states as follows:

11 U.S.C. §105 provides for coercive relief. *In re Dyer*, 322 F.3d 1178, 1192 (9th Cir. 2003). Defendant James Gray complied with the Court's Order and produced the documents requested on March 10, 2021. As a result, there is no coercive relief that can be provided, and the action is therefore moot.

Plaintiff has asked the Court for to enter an order "[a]ssessing against Gray personally any and all costs and expenses and attorney's fees incurred by the Bank in prosecuting the underlying Motion and this Complaint" and "[c]ompletely disallowing any and all claim asserted or to be asserted by Gray personally." The Court cannot grant Plaintiff the relief it requests because the relief is outside the scope of the power granted to the Court pursuant to 11 U.S.C. §105. That is the sole source of Plaintiff's relief and therefore Plaintiff cannot seek

relief for which that statute does not provide. The Courts have been clear on the scope and extent of relief offered under 11 U.S.C. §105. The Courts have stated that 11 U.S.C. §105 does not provide for any punitive relief but rather provides for coercive relief. *In re Dyer*, 322 F.3d at 1192; *In re Hardy*, 97 F.3d 1384, 1390 (11th Cir. 1996). In other words, 11 U.S.C. §105 does not support Plaintiff's request for "[a]ssessing against Gray personally any and all costs and expenses and attorney's fees incurred by the Bank in prosecuting the underlying Motion and this Complaint" nor does it provide Plaintiff's with relief in the form of "[c]ompletely disallowing any and all claim asserted or to be asserted by Gray personally." In contrast, relief requested pursuant to 11 U.S.C. §105, which merely requires a showing that the alleged violator failed to fulfill the requirements of a Court Order, without a showing of bad faith, can only request that a Court make corrective measures. While sometimes corrective measures call for monetary payments, this is not such an instance as a monetary sanction cannot be claimed to provide a corrective response to a discovery violation.

    While it is established that Plaintiff's sole basis for relief is 11 U.S.C. §105, it is unclear whether Plaintiff is relying on other provisions of law unavailable to it, as Plaintiff also cites cases that are completely unrelated to the present action. For example, in support of Plaintiff's claim that the Court is empowered to order coercive sanctions, Plaintiff cites *Penfield Co. v. SEC,* 330 U.S. 585 (1947). While the Court did hold uphold sanctions in that case, they did so pursuant to the Security and Exchange Commission's power under 15 U.S.C.A. § 77v to request sanctions for individuals who fail to respond to the Commission's subpoenas. This is a power found in the Security and Exchange Commission's enabling act and is not a power given to litigants in general. Obviously, Plaintiff cannot rely on the power given to the Security and

Exchange Commission and therefore both the 15 U.S.C.A. § 77v and the *Penfield* decision are inapplicable to the current proceeding.

Next, the Plaintiff cites *Shillitani v. United States*, 384 U.S. 364 (1966) dealt with a contempt of a witness who directly refused the orders of the presiding judge while testifying. The standard used to uphold the contempt in that case was a finding of "willful disobedience." Moreover, the Court noted that the contempt in that case was coercive and not punitive as the witness would be released from confinement immediately upon the witness's agreement to testify. *Id.* at 369. To the extent that Plaintiff relies on *Shillitani* for its request for punitive sanctions, its reading of *Shillitani* is flawed, as the Court's rationale explained that the contempt was remedial. *Id.* Moreover, the case dealt with a unique form of contempt. The offender in question was in the presence of the Court being ordered to testify. The witness refused. This is a completely different instance from failing to timely produce discovery. As a result, the case is not applicable.

Plaintiff also cites *International Union et al. v. Bagwell*, 512 U.S. 821 (1994). *Bagwell* is a criminal contempt case for which the Supreme Court held that the right to a jury trial was applicable. As a result, it has no relevancy to this civil contempt action.

Moreover, Plaintiff stated that it can be afforded relief pursuant to 18 U.S.C. §401. However, the Courts have already held that the Bankruptcy Court's power of contempt is governed by 11 U.S.C. §105 and that 18 U.S.C. §401 does not confer power upon the Bankruptcy Court. *Matter of Hipp, Inc.*, 895 F.2d 1503, 1518 (5th Cir. 1990); *See also United States v. Revie*, 834 F.2d 1198 (5th Cir.1987), cert. denied, 487 U.S. 1205, 108 S.Ct. 2845, 101 L.Ed.2d 882 (1988). As a result, 18 U.S.C. §401 is not applicable to the present action.

Lastly, Plaintiffs argument misleads the Court. Plaintiff states that "the Bank Gray's and new counsel communicated, and the parties agreed Gray will comply with the August 3, 2020 Order by no later than August 24, 2020." (pgs. 3-4). That is not entirely accurate. The Bank has sent numerous discovery requests in the various cases associated with this proceeding. While the parties did have numerous conversations surrounding discovery responses, Gray's counsel was never made aware that there was a pending discovery requested contained within a Motion for Production. Gray's new counsel was only recently becoming familiar with the various proceedings when the Bank filed its Motion to Compel in August of 2020. It is entirely possible that Plaintiff's counsel did ask for the requests at the center at this Motion. However, the conversations never contained any specificity with regard to these requests or, at least, Defendant's counsel was not aware of these pending requests at the time of these conversations. it is important to understanding that at the time, and presently, there were and are dozens of pending discovery requests in related cases. Given the fact that Defendant's counsel appeared after Plaintiff's Motion for Production of Documents was filed and the fact that Defendant's counsel was and currently is tasked with responding to dozens of requests in this and related cases, any failure to respond was a mere oversight. In addition, Defendant asserts that it currently has all requests organized and is preparing responses to each, the present underlying issue will likely be moot soon once Defendant has been able to draft adequate responses.

In conclusion, the Bank is not entitled to summary judgment because the relief they request is outside the scope of authority granted to the Court pursuant to 11 U.S.C. §105. Moreover, Plaintiffs acted in good faith in attempting to respond to the numerous requests

sent by Plaintiffs in this and the multiple other related cases. Any failure in responding was a mere oversight due to the sheer volume of requests that have been propounded on Defendants.

WHEREFORE, Defendant respectfully prays that the Court deny Plaintiff's Motion for Summary Judgment.

By: <u>*/s/ Peter C. Riley*</u>
PETER C. RILEY    AT0006611
TOM RILEY LAW FIRM, P.L.C.
4040 First Avenue NE
P.O. Box 998
Cedar Rapids, IA 52406-0998
Ph.: (319) 363-4040
Fax: (319) 363-9789
E-mail: peterr@trlf.com